UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GINA MARIE ROSADO,

                      Plaintiff,

       -against-

MILES DANIEL JOHNSON and
BAKER INSTALLATIONS, INC.,

                   Defendants.
------------------------------------------------------------------x

**FILED**

JUN 13 2008

Civil Action No.

**USDC WP SDNY**

NOTICE OF REMOVAL
OF ACTION

## 08 CIV. 5387

### JUDGE HOLWELL

**TO:   JUDGES OF THE UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF NEW YORK**

      The Petition of MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.,

respectfully shows:

      1.      On or about February 25, 2008, an action was commenced against the petitioners in

the Supreme Court of the State of New York, County of Bronx which is entitled, GINA MARIE

ROSADO, Plaintiff against MILES DANIEL JOHNSON, BAKER INSTALLATIONS, INC. and

EDWARD ROSADO, Defendants, bearing Index No. 301533/08, with the filing of a Summons and

Verified Complaint, copies of which are annexed as Exhibit "A". Defendants, MILES DANIEL

JOHNSON and BAKER INSTALLATIONS, INC. appeared in the action with the service of a

Verified Answer on April 21, 2008. A copy of the Answer is annexed as Exhibit "B".

      2.      On May 15, 2008 the plaintiff filed a Stipulation of Discontinuance with the Bronx

County Clerk, discontinuing the action as against defendant, EDWARD ROSADO. The filed

stipulation was forwarded to this office on or about May 22, 2008 and was received on May 27,

-1-

2008. The basis for the instant removal arose with the discontinuance of the action as against EDWARD ROSADO as such discontinuance created diversity of citizenship between the plaintiff and the defendants. This petition is made within 30 days of notice of such discontinuance and the creation of diversity of citizenship.

3. The above-described action, bearing Supreme Court, Bronx County Index No. 301533/08 is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by petitioner pursuant to 28 U.S.C. §1441, in that it is a civil action and the matter in controversy exceeds the sum of seventy five thousand ($75,000.00) dollars, exclusive of interest and costs and is between citizens of different states.

4. According to the Summons and Complaint, plaintiff, GINA MARIE ROSADO, resides at 2501 Morris Avenue, Bronx, New York. At the time this action was commenced, defendant, MILES DANIEL JOHNSON, was and still is a resident of the State of Minnesota, residing at 13154 295th Street, Lindstrom, Minnesota and the defendant, BAKER INSTALLATIONS, INC. was and still is a Pennsylvania Corporation with its principal place of business in McMurray, Pennsylvania.

5. In this personal injury suit the plaintiff seeks recovery of compensatory damages in excess of seventy five ($75,000.00) dollars.

6. This action may properly be removed to the United States District Court pursuant to 28 U.S.C. §1441 *et. seq.*, because the said Court has original jurisdiction over it. The defendants are not citizens of the State in which the action was brought and this Notice is being filed within 30 days after receipt of notice of discontinuance as against defendant, ROSADO, which creates diversity of

-2-

citizenship. This Petition is timely made as the Stipulation of Discontinuance creating diversity of citizenship was received by counsel for the defendants on May 27, 2008.

7.     Written notice of the filing of this Petition will be given to the adverse parties as required by law.

8.     A true copy of this Petition will be filed with the Clerk of the Supreme Court of the State of New York, County of Bronx as provided by law.

9.     A trial by jury is requested.

WHEREFORE the defendants MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC. respectfully request that this action be duly removed to this Court and that this Court accept jurisdiction of this action and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: Hawthorne, New York
      June 12, 2008

Yours, etc.,

NESCI - KEANE, PLLC

By: _____
JASON M. BERNHEIMER, ESQ. (JB 9566)
Attorneys for Defendants
MILES DANIEL JOHNSON and BAKER
INSTALLATIONS, INC.
40 Saw Mill River Road - Suite UL1
Hawthorne, New York 10532
(914) 345-0005
File No. 08-089/217603

TO:    Mitchel E. Weiss , Esq.
      150 Broadway - Suite 1307
      New York, NY  10038
      (212) 571-7171
      File No. PN-1424

-3-

EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X

GINA MARIE ROSADO,

                        Plaintiff,

         -against-

MILES DANIEL JOHNSON,
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                      Defendants.

------------------------------------------------------------------X

Index #: _301533 / 08_

Date Filed: _2-25-08_

Plaintiff designates **BRONX COUNTY** as the place of trial
Basis of the venue is
**Plaintiff's Residence**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

         YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 21, 2008

                                 Law Offices of Mitchel E. Weiss
                                 *Attorney for Plaintiff*
                                 150 Broadway, Suite 1307
                                 New York, New York 10038
                                 (212) 571-7171

**Defendants' addresses:**
Baker Installations, Inc.
4121 Washington Road
McMurray, Pennsylvania 15317

Miles Daniel Johnson
13154 295th Street
Lindstrom, MN 55045

Edward Rosado
2501 Morris Avenue, #2F
Bronx, New York 10468

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---------------------------------------------------------------X

GINA MARIE ROSADO,

                    Plaintiff,

          -against-

MILES DANIEL JOHNSON,
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                 Defendants.

---------------------------------------------------------------X

**Index #:** _____

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL**
**BY JURY OF ALL ISSUES**

Plaintiff, complaining of the defendants, by her attorney Mitchel E. Weiss, Esq., as and for her verified complaint, sets forth and alleges as follows:

        1.      That at all times hereafter mentioned, the plaintiff, Gina Rosado, resided and continue to reside at 2501 Morris Avenue, Bronx, New York 10468.

        2.      Upon information and belief and at all times hereafter mentioned, the defendant, Miles Daniel Johnson (hereafter referred to as "Johnson") resided and still resides at 13154 295th Street, Lindstrom, MN 55045

        3.      Upon information and belief and at all times hereafter mentioned, the defendant, Baker Installations, Inc. (hereafter referred to as "Baker Installations") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

        4.      Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a foreign corporation authorized to do business in the State of New York.

        5.      Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a company transacting and conducting business in the State of New York.

        6.      Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a corporation and/or company doing business and transacting business out of premises located at 4121 Washington Road, McMurray, Pennsylvania 15317.

- 1 -

7.    Upon information and belief and at all times hereafter mentioned, defendant Baker Installations owned a certain motor vehicle/truck bearing license plate number YH57152, for the State of Pennsylvania, for the year 2007.

8.    Upon information and belief and at all times hereafter mentioned, defendant Johnson operated, maintained and controlled the aforesaid 2000 Ford motor vehicle/truck bearing license plate number YH57152, for the State of Pennsylvania, for the year 2007.

9.    Upon information and belief and at all times hereafter mentioned, defendant Johnson operated, maintained and controlled the aforesaid motor vehicle/truck of defendant Baker Installations with the permission, knowledge and consent, express or implied of defendant Baker Installations.

10.    Upon information and belief and at all times hereafter mentioned, defendant Johnson was and is an employee, agent and/or servant of defendant Baker Installations.

11.    Upon information and belief and at all times hereafter mentioned, defendant Johnson operated the aforesaid motor vehicle/truck in the course of his employment and/or agency with defendant Baker Installations.

12.    Upon information and belief, defendant Edward Rosado owned a certain motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

13.    Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated, maintained, and controlled the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

14.    Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007 with the permission, knowledge and consent, express or implied of the plaintiff, Gina Rosado.

15.    That at all times hereafter mentioned, the plaintiff, Gina Rosado was a passenger in the motor vehicle bearing license plate number BMV4144, for the State of New York, for the year 2007 that was being operated by defendant Edward Rosado.

16.    That at all times hereafter mentioned, Prospect Avenue at or near the intersection with Jennings Street in the County of Bronx, City of New York and State of New York was and still is a public roadway/intersection in said County, City and State.

17.    That on the 19th day of November, 2007 at approximately 2:45 p.m., while the plaintiff, Gina Rosado was lawfully a passenger in the aforesaid motor vehicle on Prospect

Avenue at or near the intersection of Jennings Street in the County of Bronx, City and State of New York when the defendants aforesaid motor vehicles/truck collided with the aforesaid motor vehicle that was driven by defendant Edward Rosado in which the plaintiff was a passenger in.

18.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff Gina Rosado were wholly and solely as the result of the negligence, recklessness and carelessness of the defendants, their agents, servants and/or employees in that said defendants owned, operated, maintained and controlled their aforesaid motor vehicles/truck in a careless, reckless and negligent manner, in that said defendants failed to keep a proper lookout, failed to turn, steer or bring their aforesaid motor vehicles/truck to a stop before colliding with each other; in that defendants failed to yield, stop, proceed with caution or take proper precautions when entering an uncontrolled and/or controlled intersection; in defendants failing to give any notice or warning of the approach of their respective motor vehicles; in that the defendants operated their respective aforesaid motor vehicles at excessive rates of speed; in defendants failing to observe the flow of traffic on the roadway; in defendants failing to equip their aforesaid motor vehicles with proper and adequate equipment; in defendants failing to properly utilize the operating and braking equipment of their respective aforesaid motor vehicles; in the defendants failing to apply their brakes in a proper and timely fashion; in defendants failing to yield the right of way; in defendants Johnson and Baker Installations' aforesaid motor vehicle/truck violently colliding in the aforesaid motor vehicle driven by defendant Edward Rosado and in which the plaintiff was a passenger in; in defendant Edward Rosado's vehicle violently colliding into the aforesaid motor vehicle/truck of the co-defendants; in defendants failing to heed and obey the traffic signs, signals, and traffic markings governing the aforesaid location; in defendants failing to give any warning or signal of their approach; in that said defendants could have and/or should have avoided the subject accident but for the negligent, careless and reckless operation of their respective motor vehicles/truck; in the defendants failing to heed and obey the rules of mutual forbearance and said defendants violated the motor vehicle laws, and other laws, statutes, ordinances and rules of the County of Bronx, City of New York and State of New York in such cases made and provided; and that the defendants failed to exercise due care and caution under the circumstances then prevailing.

19.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff were caused wholly and solely by reason of the negligence, carelessness and recklessness of the defendants without any negligence on the part of the plaintiff Gina Rosado contributing thereto.

- 3 -

20.    By reason of the aforesaid, plaintiff Gina Rosado was seriously injured in and about her head, neck back, knees and upon information and belief, other parts of her body and the plaintiff underwent knee surgery and upon information and belief, the plaintiff will undergo additional knee surgery and she suffers and will continue to suffer great physical pain, mental suffering and emotional distress, and she was rendered sick, sore, lame and disabled and she has been hospitalized and underwent surgery, and she has expended and incurred large sums of money in an effort to cure herself of said injuries and, upon information and belief, plaintiff has lost wages and will expend further sums in that direction, and that said plaintiff has been otherwise damaged.

21.    That as a result of the foregoing, plaintiff Gina Rosado suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York.

22.    That by reason thereof, plaintiff Gina Rosado is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of basic economic loss as set forth in Section 5102(a) of the Insurance Law of the State of New York.

23.    That plaintiff Gina Rosado is a covered person as defined by Section 5102(j) of the Insurance Law of the State of New York.

24.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

25.    By reason of the aforesaid, plaintiff Gina Rosado has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, the plaintiff demands judgment against the defendants for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; together with the costs and disbursements of this action, attorneys fees and punitive damages and any other relief which this Court deems just.

Dated: New York, New York
      February 21, 2008

                        Law Offices of Mitchel E. Weiss
                        *Attorney for Plaintiff*
                        150 Broadway, Suite 1307
                        New York, New York 10038
                        (212) 571-7171

## CERTIFICATION

I hereby certify that to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the above or the contentions therein are not frivolous as defined in subsection (e) of section 130/1.1.

Dated: 2/21/08

MITCHEL E. WEISS, ESQ.

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice law in the State of New York, affirms: that the undersigned is the attorney for the plaintiff in the within action; that the undersigned has read the foregoing **Summons and Verified Complaint** and knows the contents thereof; that the allegations contained herein are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by plaintiff is that the plaintiff resides outside of the county where the undersigned maintains his law offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows:     books, records, correspondence, investigation and other documentation in the possession of the undersigned.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
       February 21, 2008

MITCHEL E. WEISS

SUPREME COURT OF THE STATE OF NEW YORK                                        Attorney: MITCHEL E. WEISS, ESQ. - 261

COUNTY OF BRONX

GINA MARIE ROSADO

Plaintiff(s)

Index # 301533/2008
Purchased February 25, 2008
Date Filed:

- against -

MILES DANIEL JOHNSON ET AL

Defendant(s)

Attorney File # PN-1424
**AFFIDAVIT OF SERVICE**

STATE OF _Minnesota_ : COUNTY OF _Chisago_ ss:

_Peter J. Schaps_ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT _North Branch_ . ON _March 17_ AT _5:30_ AM/PM AT _1001 7th Ave SW #204, Forest Lake, Minnesota 55025_

DEPONENT SERVED THE WITHIN SUMMONS & VERIFIED COMPLAINT
ON: MILES DANIEL JOHNSON ,THE DEFENDANT/RESPONDENT THEREIN NAMED.

**#1 INDIVIDUAL** [ ]  By delivering a true copy of each to said defendant/respondent personally; deponent knew the person so served to be the person described as the defendant/respondent therein.

**#2 CORPORATION** [ ]  A _____ corporation, delivering thereat a true copy of each to _____ personally, deponent knew said corporation so serviced to be the corporation, described in same as said defendant/respondent and knew said individual to be _____ thereof.

**#3 SUITABLE AGE PERSON** [X]  By delivering a true copy of each to _Elisha A. Schlipp_ a person of suitable age and discretion. Said premises is the defendant's/respondent's [ ] actual place of business [X] dwelling house / usual place of abode within the state.

**#4 AFFIXING TO DOOR** [ ]  By affixing a true copy of each to the door of said premises, which is the defendant's/respondent's [ ] actual place of business [ ] dwelling house /usual place of abode within the state.

**#5 MAILING COPY** [ ]  On _____, deponent completed service under the last two sections by depositing a copy of the SUMMONS & VERIFIED COMPLAINT to the above address in a First Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.

Deponent was unable, with due diligence to find the defendant/respondent or a person of suitable age and discretion, having called thereat

on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#6 NON-SERVICE** [ ]  After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent being served because of the following: [ ] party unknown at address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] No one ever in or available to accept service

**#7 DESCRIPTION** [ ]  A description of the defendant/respondent , or other person served, or spoken to on behalf of the defendant/respondent is as follows:

Description is required if #1,#2 or #3 above is Selected

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|-----|-----------|-----------|---------------|------------------|-----------------|
| F | Amer-Asian | Black | 18 | 5'3" 55" | 185 |

Other:

**# 8 WIT. FEES** [ ]  $ _____ the authorizing traveling expenses and one day's witness fee was paid (tendered) to the witness/recipient.

**# 9 MILITARY SERVICE** [ ]  Deponent asked person spoken to whether the defendant/respondent was in the military service of the United States Government or on active duty in the military service in the State of _Minnesota_ and was informed the defendant/respondent was not.

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to before me on this _____ day of _March, 2008_

Notary Public _Diane M Peterson_

DIANE MARIE PETERSON
Notary Public
Minnesota
My Commission Expires Jan. 31, 2011

Server signature: _Peter J. Schaps_

Docket #: 544164
547993

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

GINA MARIE ROSADO

Plaintiff(s)

- against -

MILES DANIEL JOHNSON ET AL

Defendant(s)

Index # 301533/2008
Purchased February 25, 2008
Date Filed:

Attorney File # PN-1424

**AFFIDAVIT OF ATTEMPTED SERVICE**

STATE OF _Minnesota_ : COUNTY OF _Chisago_ ss.:

_Peter J. Schaps_ BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES AT _North Branch MN_ ON _3/18/2008_ AT _8:15_ AM/PM AT

DEPONENT ATTEMPTED TO SERVE THE WITHIN SUMMONS & VERIFIED COMPLAINT

ON: MILES DANIEL JOHNSON, the DEFENDANT/RESPONDENT THEREIN NAMED.

I have been unable to make delivery of said process on the within named defendant/respondent. I further state that I attempted to serve the within process on the following dates and times indicated:

on the _March 7th 2008_ day of _____ at _5:00 pm_   _Lindstrom, MN_
on the _March 10th 2008_ day of _____ at _1:30 pm_   _Taylors Falls, MN_
on the _March 15th 2008_ day of _____ at _11:30 Am_   _Forest Lake, MN -_
on the _____ day of _____ at _____

After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the defendant/respondent being served because of the following:

[X] Unknown at address — _Vacant Residences_

[X] Evading — _Found to be avoiding Process in Forest Lake, MN_

[ ] Moved left no forwarding

[ ] Address does not exist

[ ] No one ever in or available to accept service

[ ] Other:

_(stamp)_ BRONX COUNTY COUNTY CLERK 08 MAR 25 PM 1:26 RECEIVED

_(notary stamp)_ DIANE MARIE PETERSON Notary Public Minnesota My Comm. Expires Jan. 31, 2011

Sworn to before me on this _18th_ day of _March, 2008_

Notary Public _Diane M Peterson_

Server signature _Peter Schaps_

Docket #: 544704

**Minnesota Legal Process, LLC**
5690 360th Street
North Branch MN 55056

5-2

Guide to Privacy and FOIA

Exhibit 5.2b
**Change of Address or Boxholder Request Format — Process Servers**

Postmaster _____  Date _____

City, State, ZIP Code _____

### REQUEST FOR CHANGE OF ADDRESS OR BOXHOLDER INFORMATION
### NEEDED FOR SERVICE OF LEGAL PROCESS

Please furnish the new address or the name and street address (if a boxholder) for the following:

Name: _Miles Daniel Johnson_

Address: _13154 295th St            Lindstrom MN_

Note: Only one request may be made per completed form. The name and last known address are required for change of address information. The name, if known, and Post Office box address are required for boxholder information.

The following information is provided in accordance with 39 CFR 265.6(d)(5)(ii). There is no fee for providing boxholder or change of address information.

1. Capacity of requester (e.g., process server, attorney, party representing self: _Civil Process_

2. Statute or regulation that empowers me to serve process (not required when requester is an attorney or a party acting pro se — except a corporation acting pro se must cite statute): _Rule 4 MRCP_

3. The names of all known parties to the litigation _Gina Rosola vs Miles Daniel Johnson_

4. The court in which the case has been or will be heard: _City of NY  Bronx County_

5. The docket or other identifying number (a or b must be completed):
   ____ a. Docket or other identifying number: _311533_
   ____ b. Docket or other identifying number has not been issued.

6. The capacity in which this individual is to be served (e.g., defendant or witness): _Defendant_

### WARNING

THE SUBMISSION OF FALSE INFORMATION TO OBTAIN AND USE CHANGE OF ADDRESS INFORMATION OR BOXHOLDER INFORMATION FOR ANY PURPOSE OTHER THAN THE SERVICE OF LEGAL PROCESS IN CONNECTION WITH ACTUAL OR PROSPECTIVE LITIGATION COULD RESULT IN CRIMINAL PENALTIES INCLUDING A FINE OF UP TO $10,000 OR IMPRISONMENT OF NOT MORE THAN 5 YEARS, OR BOTH (TITLE 18 U.S.C. SECTION 1001).

I certify that the above information is true and that the address information is needed and will be used solely for service of legal process in conjunction with actual or prospective litigation.

Signature _____

Printed Name _PETER J. SCHAPS_

Minnesota Legal Process, LLC
5690 360th Street
Address North Branch MN 55056

City, State, ZIP Code

| | POST OFFICE USE ONLY | |
| --- | --- | --- |
| ____ No change of address order on file. | NEW ADDRESS OR BOXHOLDER'S NAME AND STREET ADDRESS | POSTMARK |
| ____ Moved, left no forwarding address. | _1001 7th Ave SW, Apt 204_ | |
| ____ No such address. | _Forest Lake, MN 55025_ | |

# EXHIBIT "B"

## CERTIFICATION

It is hereby acknowledged that this certification is being served, and/or filed, and/or submitted with the accompanying:

( X )    Verified Answer

( X )    Demand for Verified Bill of Particulars

( X )    Combined Demands

( X )    Notice to Take Deposition

( X )    Notice to Revocation of Service by Electronic Means

( )    Notice to Admit

( )    Response to Discovery and Inspection Demand(s)

( )    Verified Bill of Particulars

( )    Notice of Physical Examination

( )    Other

**DATED:**    **HAWTHORNE, NEW YORK**
April 21st, 2008

_____
VINCENT P. NESCI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
=================================================X

GINA MARIE ROSADO,                                    Index No. 301533/08

                                 Plaintiff,

          - against -                                 <u>VERIFIED ANSWER</u>

MILES DANIEL JOHNSON, BAKER
INSTALLATIONS, INC. and EDWARD ROSADO,

                                 Defendants.
=================================================X

    Defendants, ***MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.***, by

their attorneys, ***NESCI - KEANE PLLC***, answering the complaint herein, states:

    1.    Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs 1, 12, 13, 14, 15 and 16 of the complaint.

    2.    Denies each and every allegation contained in paragraphs 3, 17, 18, 19, 20, 21, 22,

23, 24 and 25 of the complaint.

AS AND FOR A FIRST, COMPLETE, SEPARATE
<u>AND DISTINCT AFFIRMATIVE DEFENSE</u>

    3.    That the alleged accident and the damages, if any, alleged to have been sustained

by Plaintiff resulting therefrom on the occasion mentioned in the complaint were wholly or in part

caused by the culpable conduct of the Plaintiff.

## AS AND FOR A SECOND, COMPLETE, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

4.    If any injuries or damages sustained by the Plaintiff were caused in whole or in part by the Plaintiff's own failure to use available seatbelt, then the Plaintiff cannot recover damages for those injuries which the use of a seatbelt would have obviated

## AS AND FOR A CROSS COMPLAINT AGAINST
## EDWARD ROSADO, PURSUANT TO CPLR 3019(b) AND
## THE RULE OF DOLE V. DOW CHEMICAL (30 NY2 143),
## DEFENDANTS, MILES DANIEL JOHNSON AND
## BAKER INSTALLATIONS, INC.,
## UPON INFORMATION AND BELIEF, ALLEGE:

5.    That if Plaintiff was caused damages as alleged in the complaint through negligence other than Plaintiff's own negligence, carelessness and recklessness, as said damages were sustained due to the primary and active negligent, careless and reckless acts of omission or commission of the Defendant, EDWARD ROSADO, with the negligence, if any, of the answering defendant being secondary and/or derivative only.

Further, if Plaintiff should recover judgment against this answering Defendant then Defendant, EDWARD ROSADO, shall be liable to this answering Defendant for the full amount of said judgment, or on the basis of apportionment of responsibility for the alleged occurrence, this answering Defendant is entitled to indemnification from any judgment which Plaintiff may recover in such amounts as a jury or court may direct.

*WHEREFORE*, Defendant demands judgment dismissing the complaint herein, together with costs and disbursements of this action and for such other and further relief as to the Court may deem just and proper.

Dated: Hawthorne, New York
      April 21st, 2008

                        NESCI - KEANE PLLC
                        Attorneys for Defendants, *Miles Daniel Johnson*
                        *& Baker Installations, Inc.*
                        Office & P. O. Address
                        40 Saw Mill River Road, Suite UL1
                        Hawthorne, New York 10532
                        (914) 345-0005
                        File No. 08-089/217603

TO:    LAW OFFICES OF MITCHEL E. WEISS
        Attorneys for Plaintiff
        Office & P. O. Address
        150 Broadway, Suite 1307
        New York, New York 10038
        (212) 571-7171

        EDWARD ROSADO
        2501 Morris Avenue, #2F
        Bronx, New York 10468

## VERIFICATION

STATE OF NEW YORK            )
                            )SS.:
COUNTY OF WESTCHESTER        )

*VINCENT P. NESCI*, being duly sworn, deposes and says:

    1.    That I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and that I am the attorney for the Defendants, *MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.*, in the within action. I have read the annexed Answer and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

    2.    This verification is made by Affirmant and not by Defendants, *MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.*, because Defendants, *MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.*, do not reside within the county where Affirmant's office is maintained. The grounds of Affirmant's belief as to all matters not stated upon Affirmant's knowledge are as follows: reports, memoranda and investigation materials contained in Affirmant's file.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Hawthorne, New York
      April 21ˢᵗ, 2008

                                                      VINCENT P. NESCI

STATE OF NEW YORK            )
                            )SS.:
COUNTY OF WESTCHESTER        )

     Kristine Carrizzo,  being duly sworn says:

     I am not a party to the action, am over 18 years of age and reside in Dutchess County, New York.  On April 21st, 2008, I served a true copy of a *Verified Answer with Various Demands, Notice to take Depositions and Notice of Revocation of Service by Electronic Means,* by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of the addressee as indicated below:


TO:   LAW OFFICES OF MITCHEL E. WEISS
      Attorneys for Plaintiff
      150 Broadway, Suite 1307
      New York, New York 10038

      EDWARD ROSADO
      2501 Morris Avenue, #2F
      Bronx, New York 10468


                             _KRISTINE CARRIZZO_

SWORN to before me this

21st day of April 2008

_____
VINCENT P. NESCI
Notary Public, State of New York
No. 60-81207904
Qualified in Westchester County
Commission Expires January 31, 2011

EXHIBIT "C"

RECEIVED MAY 2 7 2008
08-089/217603

*Law Offices of*

## Mitchel E. Weiss

*150 Broadway*
*Suite 1307*
*New York, New York 10038*
*Phone  (212) 571-7171*
*Fax:  (212) 571-7174*

Mitchel E. Weiss
*Member of NY, NJ and Ct Bars*

_____
*Of Counsel*
Randi B. Siegel
*Member of NY and DE Bars*

_____
*Paralegal*
Patricia M. Motkin

<u>*New Jersey Office*</u>
*11-18 Saddle River Road*
*Fair Lawn, New Jersey  07410*
*(201) 659-4144*

<u>*Long Island Office*</u>
*390 Old Country Road*
*Garden City, New York 11530*
*(516) 747-7472*

May 22, 2008

Nesci-Keane, PLLC
40 Saw Mill River Road, Suite UL1
Hawthorne, New York 10532
**Attn:  Vincent P. Nesci, Esq.**

        **RE:**   **Gina Marie Rosado v. Miles Daniel Johnson**
                **and Baker Installations, Inc.**
                **Your File #:  08-0891-217603**
                **Date of Accident: November 19, 2007**
                <u>**My File #: PN-1424**</u>

Dear Mr. Nesci:

      Enclosed herein please find a Stipulation of Discontinuance as against Edward Rosado **ONLY**.  As you can see, the action against your clients continues and I shall prepare a bill of particulars in short order.

      As we discussed, please let me know if you will be bringing a third-party action against Edward Rosado in this matter.

                            Very truly yours,

                            MITCHEL E. WEISS

MEW:pm
Enclosure

PN-1424
MEW:pm

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

GINA MARIE ROSADO,                                          Index #:   301533/08

                              Plaintiff,

              -against-                                     **STIPULATION OF DISCONTIN-
                                                           UANCE AGAINST DEFENDANT
MILES DANIEL JOHNSON,                                       EDWARD ROSADO ONLY**
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                              Defendants.

-----------------------------------------------------------------X

          IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the

attorney of record for the plaintiff of the above-entitled action, that whereas no party hereto is an

infant, incompetent person for whom a committee has been appointed or conservatee and no

person not a party has an interest in the subject matter of the action, the above entitled action,

including all cross-claims and counterclaims be, and the same are hereby discontinued AGAINST

DEFENDANT EDWARD ROSADO **ONLY** without costs to either party as against the other. The

action against defendants Miles Daniel Johnson and Baker Installations **is NOT** discontinued. This

stipulation may be filed without further notice with the Clerk of the Court.

Dated: New York, New York
          May 8, 2008

                                                  Law Offices of Mitchel E. Weiss
                                                  *Attorney for Plaintiff*

                                        BY: _____
                                                  MITCHEL E. WEISS, ESQ.
                                                  150 Broadway, Suite 1307
                                                  New York, New York 10038
                                                  (212) 571-7171

Bronx County Clerks Office
851 Grand Concourse
Bronx, NY 10451

| | |
|---|---|
| Department: | LAW DOCS |
| Transaction No | 1154001 |
| Index No: | 301533-2008 |
| STD | $35.00 |

| | |
|---|---|
| AmountDue: | $35.00 |
| amountRcv'd: | $35.00 |
| ChangeDue: | $0.00 |

RECEIVED
08 MAY 15 AM 9: 03
COUNTY CLERK
BRONX COUNTY

Date:     05/15/0
Time:     10:09 AM