✎AO 441  (Rev. 8/01) Third Party Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ New York

PLAINTIFF
　GINA MARIE ROSADO

**THIRD PARTY SUMMONS IN A CIVIL ACTION**

V. DEFENDANT AND THIRD PARTY PLAINTIFF

　MILES DANIEL JOHNSON and BAKER
　INSTALLATIONS, INC.

Case Number:  08 Civ 5387 (RJH)

V. THIRD PARTY DEFENDANT
　EDWARD ROSADO,

To: Name and address of Third Party Defendant
　EDWARD ROSADO
　2501 Morris Avenue, #2F
　Bronx, New York  10468

### YOU ARE HEREBY SUMMONED and required to serve on

| PLAINTIFF'S ATTORNEY (name and address) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (name and address) |
|---|---|
| MITCHEL E. WEISS, ESQ.<br>150 Broadway, Suite 1307<br>New York, New York  10038 | NESCI - KEANE PLLC<br>40 Saw Mill River Road, Suite UL1<br>Hawthorne, New York  10532 |

an answer to the third-party complaint which is served on you with this summons, within _____**30**_____ days after the service of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the third-party complaint.  There is also served on you with this summons a copy of the complaint of the plaintiff.  You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.  Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON,

7-1-08

CLERK                                    DATE

_(By) DEPUTY CLERK_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GINA MARIE ROSADO,

                        Plaintiff,

        -against-

MILES DANIEL JOHNSON and
BAKER INSTALLATIONS, INC.,

                      Defendants.
-------------------------------------------------------------------x
MILES DANIEL JOHNSON and
BAKER INSTALLATIONS, INC.,

               Third Party Plaintiffs,

    - against -

EDWARD ROSADO,

               Third Party Defendant.
-------------------------------------------------------------------x

Civil Action No.
08 Civ 5387 (RJH)

RECEIVED
JUL 0 1 2008
USDC-WP-SDNY

**THIRD PARTY COMPLAINT**

       Third Party Plaintiffs, ***MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.,***

by their attorneys, NESCI  - KEANE PLLC, as and for their Third Party Complaint states:

      1.       That heretofore and on or about the 25th day of February 2008, the Plaintiff, above-

named, commenced an action in the Supreme Court, County of Bronx against the Defendant/Third

Party Plaintiffs, to recover damages for the alleged personal injury damages in the complaint, the

contents of which complaint the Defendant/Third Party Plaintiffs begs leave to refer to upon a trial

of this action as if same were set forth herein more particularly at length.

2.      That said action was duly removed to the United States District Court on June 13, 2008.

3.      This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332 because the third-party plaintiffs and third-party defendants are citizens of different states.

4.      That the Plaintiff alleges in the complaint, among other things, upon information and belief, that on the 19th day of November 2007, Plaintiff allegedly suffered personal injuries when Plaintiff was involved in an accident on the public street known as Prospect Avenue and Jennings Street, Bronx, New York.

5.      That upon information and belief that if Plaintiff sustained the damage in the manner and at the time and place as alleged in the complaint, by reason of the premises, such damage was occasioned through the affirmative negligence of the Third Party Defendant in causing the alleged accident as aforesaid in that he had carelessly, negligently and improperly drove, maintained, managed and operated his vehicle at or near Prospect Avenue and Jennings Street, Bronx, New York and that the aforesaid Third Party Defendant was otherwise negligent in the premises.

6.      That if the Defendants/Third Party Plaintiffs are held liable to the Plaintiff, such liability arose out of the affirmative, negligent and careless acts and acts of omission and duty and conduct of the aforesaid Third Party Defendant in causing said accident complained of in the Plaintiff's complaint, and that the Defendants/Third Party Plaintiffs are entitled to be indemnified by the said Third Party Defendant for the amount of any verdict or judgment which may be recovered against the Third party Plaintiffs.

WHEREFORE, the Third Party Plaintiffs demand under the provisions of Sections 1007 of the Civil Practice Law and Rules that it have judgment over and against the Third Party Defendant for the amount of any verdict or judgment which shall or may be recovered by the Plaintiff against the Defendant/Third Party Plaintiffs together with the costs and disbursements of this action and any expenses incurred in the defense thereof.

Dated: Hawthorne, New York
      June 26th, 2008

                          NESCI - KEANE PLLC

                          By _____
                            JASON M. BERNHEIMER, ESQ. (JB 9566)
                          Attorneys for Defendants/Third Party Plaintiffs
                          Office & P. O. Address
                          40 Saw Mill River Road, Suite UL1
                          Hawthorne, New York 10532
                          (914) 345-0005
                          File No. 08-089/217603

TO:    MITCHEL E. WEISS, ESQ.
        Attorneys for Plaintiff
        Office & P. O. Address
        150 Broadway - Suite 1307
        New York, New York  10038
        (212) 571-7171
        File No. PN-1424

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
----------------------------------------------------------------X

GINA MARIE ROSADO,

                            Plaintiff,

        -against-

MILES DANIEL JOHNSON,
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                        Defendants.

----------------------------------------------------------------X

Index #: 301533/08

Date Filed: 2-25-08

Plaintiff designates **BRONX COUNTY** as the place of trial
Basis of the venue is
**Plaintiff's Residence**

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 21, 2008

                         Law Offices of Mitchel E. Weiss
                         *Attorney for Plaintiff*
                         150 Broadway, Suite 1307
                         New York, New York 10038
                         (212) 571-7171

**Defendants' addresses**:
Baker Installations, Inc.
4121 Washington Road
McMurray, Pennsylvania 15317

Miles Daniel Johnson
13154 295th Street
Lindstrom, MN 55045

Edward Rosado
2501 Morris Avenue, #2F
Bronx, New York 10468

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-------------------------------------------------------------------X

GINA MARIE ROSADO,

                       Plaintiff,

          -against-

MILES DANIEL JOHNSON,
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                    Defendants.

-------------------------------------------------------------------X

**Index #:** _____

**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL**
**BY JURY OF ALL ISSUES**

       Plaintiff, complaining of the defendants, by her attorney Mitchel E. Weiss, Esq., as and for her verified complaint, sets forth and alleges as follows:

       1.     That at all times hereafter mentioned, the plaintiff, Gina Rosado, resided and continue to reside at 2501 Morris Avenue, Bronx, New York 10468.

       2.     Upon information and belief and at all times hereafter mentioned, the defendant, Miles Daniel Johnson (hereafter referred to as "Johnson") resided and still resides at 13154 295th Street, Lindstrom, MN 55045

       3.     Upon information and belief and at all times hereafter mentioned, the defendant, Baker Installations, Inc. (hereafter referred to as "Baker Installations") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

       4.     Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a foreign corporation authorized to do business in the State of New York.

       5.     Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a company transacting and conducting business in the State of New York.

       6.     Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a corporation and/or company doing business and transacting business out of premises located at 4121 Washington Road, McMurray, Pennsylvania 15317.

7.     Upon information and belief and at all times hereafter mentioned, defendant Baker Installations owned a certain motor vehicle/truck bearing license plate number YH57152, for the State of Pennsylvania, for the year 2007.

8.     Upon information and belief and at all times hereafter mentioned, defendant Johnson operated, maintained and controlled the aforesaid 2000 Ford motor vehicle/truck bearing license plate number YH57152, for the State of Pennsylvania, for the year 2007.

9.     Upon information and belief and at all times hereafter mentioned, defendant Johnson operated, maintained and controlled the aforesaid motor vehicle/truck of defendant Baker Installations with the permission, knowledge and consent, express or implied of defendant Baker Installations.

10.     Upon information and belief and at all times hereafter mentioned, defendant Johnson was and is an employee, agent and/or servant of defendant Baker Installations.

11.     Upon information and belief and at all times hereafter mentioned, defendant Johnson operated the aforesaid motor vehicle/truck in the course of his employment and/or agency with defendant Baker Installations.

12.     Upon information and belief, defendant Edward Rosado owned a certain motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

13.     Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated, maintained, and controlled the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

14.     Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007 with the permission, knowledge and consent, express or implied of the plaintiff, Gina Rosado.

15.     That at all times hereafter mentioned, the plaintiff, Gina Rosado was a passenger in the motor vehicle bearing license plate number BMV4144, for the State of New York, for the year 2007 that was being operated by defendant Edward Rosado.

16.     That at all times hereafter mentioned, Prospect Avenue at or near the intersection with Jennings Street in the County of Bronx, City of New York and State of New York was and still is a public roadway/intersection in said County, City and State.

17.     That on the 19th day of November, 2007 at approximately 2:45 p.m., while the plaintiff, Gina Rosado was lawfully a passenger in the aforesaid motor vehicle on Prospect

Avenue at or near the intersection of Jennings Street in the County of Bronx, City and State of New York when the defendants aforesaid motor vehicles/truck collided with the aforesaid motor vehicle that was driven by defendant Edward Rosado in which the plaintiff was a passenger in.

18.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff Gina Rosado were wholly and solely as the result of the negligence, recklessness and carelessness of the defendants, their agents, servants and/or employees in that said defendants owned, operated, maintained and controlled their aforesaid motor vehicles/truck in a careless, reckless and negligent manner, in that said defendants failed to keep a proper lookout, failed to turn, steer or bring their aforesaid motor vehicles/truck to a stop before colliding with each other; in that defendants failed to yield, stop, proceed with caution or take proper precautions when entering an uncontrolled and/or controlled intersection; in defendants failing to give any notice or warning of the approach of their respective motor vehicles; in that the defendants operated their respective aforesaid motor vehicles at excessive rates of speed; in defendants failing to observe the flow of traffic on the roadway; in defendants failing to equip their aforesaid motor vehicles with proper and adequate equipment; in defendants failing to properly utilize the operating and braking equipment of their respective aforesaid motor vehicles; in the defendants failing to apply their brakes in a proper and timely fashion; in defendants failing to yield the right of way; in defendants Johnson and Baker Installations' aforesaid motor vehicle/truck violently colliding in the aforesaid motor vehicle driven by defendant Edward Rosado and in which the plaintiff was a passenger in; in defendant Edward Rosado's vehicle violently colliding into the aforesaid motor vehicle/truck of the co-defendants; in defendants failing to heed and obey the traffic signs, signals, and traffic markings governing the aforesaid location; in defendants failing to give any warning or signal of their approach; in that said defendants could have and/or should have avoided the subject accident but for the negligent, careless and reckless operation of their respective motor vehicles/truck; in the defendants failing to heed and obey the rules of mutual forbearance and said defendants violated the motor vehicle laws, and other laws, statutes, ordinances and rules of the County of Bronx, City of New York and State of New York in such cases made and provided; and that the defendants failed to exercise due care and caution under the circumstances then prevailing.

19.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff were caused wholly and solely by reason of the negligence, carelessness and recklessness of the defendants without any negligence on the part of the plaintiff Gina Rosado contributing thereto.

- 3 -

20.    By reason of the aforesaid, plaintiff Gina Rosado was seriously injured in and about her head, neck back, knees and upon information and belief, other parts of her body and the plaintiff underwent knee surgery and upon information and belief, the plaintiff will undergo additional knee surgery and she suffers and will continue to suffer great physical pain, mental suffering and emotional distress, and she was rendered sick, sore, lame and disabled and she has been hospitalized and underwent surgery, and she has expended and incurred large sums of money in an effort to cure herself of said injuries and, upon information and belief, plaintiff has lost wages and will expend further sums in that direction, and that said plaintiff has been otherwise damaged.

21.    That as a result of the foregoing, plaintiff Gina Rosado suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York.

22.    That by reason thereof, plaintiff Gina Rosado is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of basic economic loss as set forth in Section 5102(a) of the Insurance Law of the State of New York.

23.    That plaintiff Gina Rosado is a covered person as defined by Section 5102(j) of the Insurance Law of the State of New York.

24.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

25.    By reason of the aforesaid, plaintiff Gina Rosado has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, the plaintiff demands judgment against the defendants for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; together with the costs and disbursements of this action, attorneys fees and punitive damages and any other relief which this Court deems just.

Dated: New York, New York
    February 21, 2008

Law Offices of Mitchel E. Weiss
*Attorney for Plaintiff*
150 Broadway, Suite 1307
New York, New York 10038
(212) 571-7171

- 4 -

## CERTIFICATION

I hereby certify that to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the above or the contentions therein are not frivolous as defined in subsection (e) of section 130.1.1.

Dated: _2/21/08_

_____
MITCHEL E. WEISS, ESQ.

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice law in the State of New York, affirms: that the undersigned is the attorney for the plaintiff in the within action; that the undersigned has read the foregoing **Summons and Verified Complaint** and knows the contents thereof; that the allegations contained herein are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by plaintiff is that the plaintiff resides outside of the county where the undersigned maintains his law offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows:    books, records, correspondence, investigation and other documentation in the possession of the undersigned.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
      February 21, 2008

 

                                         MITCHEL E. WEISS

-5-

## <u>CERTIFICATION</u>

It is hereby acknowledged that this certification is being served, and/or filed, and/or submitted with the accompanying:

      (X )    Verified Answer

      (X )    Demand for Verified Bill of Particulars

      (X )    Combined Demands

      (X )    Notice to Take Deposition

      (X )    Notice to Revocation of Service by Electronic Means

      ( )    Notice to Admit

      ( )    Response to Discovery and Inspection Demand(s)

      ( )    Verified Bill of Particulars

      ( )    Notice of Physical Examination

      ( )    Other

**DATED:**    **HAWTHORNE, NEW YORK**
           April 21st, 2008

                                   VINCENT P. NESCI

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

================================================X

GINA MARIE ROSADO,                                              Index No. 301533/08

                              Plaintiff,

        - against -                                             VERIFIED ANSWER

MILES DANIEL JOHNSON, BAKER
INSTALLATIONS, INC. and EDWARD ROSADO,

                              Defendants.

================================================X

        Defendants, *MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.*, by

their attorneys, *NESCI - KEANE PLLC*, answering the complaint herein, states:

        1.      Denies knowledge or information sufficient to form a belief as to the allegations

contained in paragraphs 1, 12, 13, 14, 15 and 16 of the complaint.

        2.      Denies each and every allegation contained in paragraphs 3, 17, 18, 19, 20, 21, 22,

23, 24 and 25 of the complaint.

                    AS AND FOR A FIRST, COMPLETE, SEPARATE
                    AND DISTINCT AFFIRMATIVE DEFENSE

        3.      That the alleged accident and the damages, if any, alleged to have been sustained

by Plaintiff resulting therefrom on the occasion mentioned in the complaint were wholly or in part

caused by the culpable conduct of the Plaintiff.

## AS AND FOR A SECOND, COMPLETE, SEPARATE
## AND DISTINCT AFFIRMATIVE DEFENSE

4.      If any injuries or damages sustained by the Plaintiff were caused in whole or in part by the Plaintiff's own failure to use available seatbelt, then the Plaintiff cannot recover damages for those injuries which the use of a seatbelt would have obviated

### AS AND FOR A CROSS COMPLAINT AGAINST
### EDWARD ROSADO, PURSUANT TO CPLR 3019(b) AND
### THE RULE OF DOLE V. DOW CHEMICAL (30 NY2 143),
### DEFENDANTS, MILES DANIEL JOHNSON AND
### BAKER INSTALLATIONS, INC.,
### UPON INFORMATION AND BELIEF, ALLEGE:

5.      That if Plaintiff was caused damages as alleged in the complaint through negligence other than Plaintiff's own negligence, carelessness and recklessness, as said damages were sustained due to the primary and active negligent, careless and reckless acts of omission or commission of the Defendant, EDWARD ROSADO, with the negligence, if any, of the answering defendant being secondary and/or derivative only.

Further, if Plaintiff should recover judgment against this answering Defendant then Defendant, EDWARD ROSADO, shall be liable to this answering Defendant for the full amount of said judgment, or on the basis of apportionment of responsibility for the alleged occurrence, this answering Defendant is entitled to indemnification from any judgment which Plaintiff may recover in such amounts as a jury or court may direct.

*WHEREFORE*, Defendant demands judgment dismissing the complaint herein, together with costs and disbursements of this action and for such other and further relief as to the Court may deem just and proper.

Dated: Hawthorne, New York
      April 21st, 2008

                        NESCI - KEANE PLLC
                        Attorneys for Defendants, *Miles Daniel Johnson*
                        *& Baker Installations, Inc.*
                        Office & P. O. Address
                        40 Saw Mill River Road, Suite UL1
                        Hawthorne, New York 10532
                        (914) 345-0005
                        File No. 08-089/217603

TO:    LAW OFFICES OF MITCHEL E. WEISS
        Attorneys for Plaintiff
        Office & P. O. Address
        150 Broadway, Suite 1307
        New York, New York 10038
        (212) 571-7171

        EDWARD ROSADO
        2501 Morris Avenue, #2F
        Bronx, New York 10468

<u>VERIFICATION</u>

STATE OF NEW YORK            )
                             )SS.:
COUNTY OF WESTCHESTER        )

  *VINCENT P. NESCI*, being duly sworn, deposes and says:

  1.  That I, the undersigned, am an attorney admitted to practice in the Courts of New York State, and that I am the attorney for the Defendants, *MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.*, in the within action. I have read the annexed Answer and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

  2.  This verification is made by Affirmant and not by Defendants, *MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.*, because Defendants, *MILES DANIEL JOHNSON and BAKER INSTALLATIONS, INC.*, do not reside within the county where Affirmant's office is maintained. The grounds of Affirmant's belief as to all matters not stated upon Affirmant's knowledge are as follows: reports, memoranda and investigation materials contained in Affirmant's file.

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: Hawthorne, New York
  April 21st, 2008


            VINCENT P. NESCI

STATE OF NEW YORK )
)SS.:
COUNTY OF WESTCHESTER )

Kristine Carrizzo, being duly sworn says:

I am not a party to the action, am over 18 years of age and reside in Dutchess County, New York. On April 21st, 2008, I served a true copy of a *Verified Answer with Various Demands, Notice to take Depositions and Notice of Revocation of Service by Electronic Means*, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York addressed to the last known address of the addressee as indicated below:

TO:    LAW OFFICES OF MITCHEL E. WEISS
       Attorneys for Plaintiff
       150 Broadway, Suite 1307
       New York, New York 10038

       EDWARD ROSADO
       2501 Morris Avenue, #2F
       Bronx, New York 10468

                                                    _____
                                                    KRISTINE CARRIZZO

SWORN to before me this

21st day of April 2008

_____
VINCENT P. NESCI
Notary Public, State of New York
No. 60-81207904
Qualified in Westchester County
Commission Expires January 31, 2011