MEW/pm
PN-1424

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GINA ROSADO,

                              Plaintiff,

               -against-

MILES DANIEL JOHNSON, BAKER
INSTALLTIONS, INC. and EDWARD ROSADO

                         Defendants.
-------------------------------------------------------------------X

**2008-CV-05387 (RJH)**

**NOTICE OF MOTION**
**TO REMAND**

**Honorable Richard J. Holwell**

      **PLEASE TAKE NOTICE**, that upon the annexed Affirmation of Mitchel E. Weiss

dated August 7, 2008, together with the exhibits annexed thereto, the undersigned will move this

Court before the Honorable Richard J. Holwell, United States District Judge for the Southern

District of New York at the United States Courthouse located at 500 Pearl Street, New York,

New York on a date designated by the Court for an order remanding this action to Supreme

Court, Bronx County pursuant to 28 U.S.C.A. §1447.

Dated:    New York, New York
           August 7, 2008

                                   Respectfully submitted,

                                   Law Offices of Mitchel E. Weiss
                                   Attorney for Plaintiff

                                   MITCHEL E. WEISS  (MW/6226)
                                   150 Broadway, Suite 1307
                                   New York, New York 10038
                                   (212) 571-7171

TO:    Nesci- Keane PLLC
        *Attorneys for Defendants*
        40 Saw Mill River Road, Suite UL1
        Hawthorne, New York 10532
        (914) 345-0005
        File No. 08-089/217603

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GINA ROSADO,

                                **2008-CIV-5387 (RJH)**

            Plaintiff,

        -against-                    **AFFIRMATION IN SUPPORT
OF MOTION TO REMAND**

MILES DANIEL JOHNSON, BAKER
INSTALLTIONS, INC. and EDWARD ROSADO

                    Defendants.
-----------------------------------------------------------------X

      Plaintiff, Gina Rosado, by her attorney, Mitchel E. Weiss, moves this Court for an Order

pursuant to 28 U.S.C.A. §1447, remanding this action to the Supreme Court of the State of New

York, Bronx County, and states as follows:

      1.      This action for personal injuries stemming from a motor vehicle accident that

occurred on November 19, 2007 was initially filed in the Supreme Court of the State of New

York, County of Bronx, was removed to this Court pursuant to 28 U.S.C.A. §1441.

      2.      The plaintiff, Gina Rosado was a passenger in an automobile driven by her

husband, defendant, Edward Rosado that collided with a motor vehicle owned and operated by

defendants Miles Daniel Johnson and Baker Installations, Inc. at the intersection of Prospect

Avenue and Jennings Street, Bronx, New York.

      3.      As a result of that collision, the plaintiff sustained serious injuries which include

but are not limited to tears of both her knees resulting in surgery to repair said knees.

      4.      As set forth above, the plaintiff initially commenced an action in Supreme Court,

Bronx County under Index #: 301533/08 on February 25, 2008 naming her husband, Edward

Rosado as a defendant along with co-defendants Miles Daniel Johnson and Baker Installations,

Inc.   Annexed hereto as **Exhibit "A"** is a copy of the Summons and Complaint that was filed in

Supreme Court, Bronx County under said Index Number.

5.      Shortly after the commencement of the action filed in Supreme Court, Bronx County, the insurance carrier for defendant, Edward Rosado, Nationwide Insurance Company, sent a letter to the undersigned's office setting forth that there is no liability coverage under defendant, Rosado's insurance policy covering losses caused by a spouse's negligence.  A copy of said letter from Nationwide Insurance Company dated March 18, 2008 is annexed hereto as **Exhibit "B"**.

6.      As a result of that disclaimer, the undersigned spoke with counsel for defendants Johnson and Baker, Vincent Nesci, Esq. of Nesci-Keane, PLLC and I discussed the possibility of discontinuing the action against defendant Edward Rosado if he would commence a third-party action against Edward Rosado.  He advised me at that time that he would consider commencing a third-party action against Edward Rosado but needed to get authority from his clients.

7.      Believing that we had an agreement, the undersigned prepared and filed a Stipulation of Discontinuance against defendant Edward Rosado **without prejudice** (a copy of which is annexed hereto as **Exhibit "C"**) and I expected that Nesci-Keane would commence a third-party action against defendant Edward Rosado in Supreme Court, Bronx County as discussed above.

8.      Surprisingly, Nesci-Keane removed the underlying case to this Court by way of a Removal Petition which was filed on June 13, 2008.  A short time later, Nesci-Keane commenced a third-party action against defendant Edward Rosado in this Court on July 1, 2008.

9.      Although the original action in Supreme/Bronx as against defendant Rosado was discontinued, upon further reflection and in the best interest of the plaintiff, that action as against her husband, Edward Rosado should <u>not</u> have been discontinued.  One of the reasons why that action in Supreme Court, Bronx County should not have been discontinued is that if the plaintiff gets divorced she would have the right to collect damages against him.  Therefore, a new action by the plaintiff as against defendant Edward Rosado stemming from the subject motor vehicle

- 2 -

accident was prepared and filed with the Clerk of Supreme Court, Bronx County on July 14, 2008 under index number 305872/08 and service of process was effectuated upon defendant Edward Rosado on July 19, 2008. A copy of the Summons and Complaint is annexed hereto as **Exhibit "D"** and a copy of the Affidavit of Service is annexed hereto as **Exhibits "E"**.

      10.    It is respectfully set forth that the subject action now pending in this Court should be remanded to Supreme Court, Bronx County as the action against defendant Edward Rosado should be joined with it. As defendant Edward Rosado is a New York resident, there would be no diversity jurisdiction herein. Furthermore, counsel for co-defendants have now commenced a third-party action as against defendant Edward Rosado in this Court and therefore, there is no longer diversity jurisdiction as well.

      11.    For purposes of judicial economy and in the best interest of the plaintiff, this action should be remanded to Supreme Court, Bronx County and the action naming Edward Rosado as a defendant as set forth in Exhibit "D" above should be joined together in State Court.

      12.    I declare under the penalty of perjury that the foregoing is true and correct.

      WHEREFORE, it is respectfully requested that this action be remanded to Supreme Court, Bronx County.

Dated:   New York, New York
          August 7, 2008

                                  Respectfully submitted,

                                    Law Offices of Mitchel E. Weiss
                                    *Attorney for Plaintiff*

                                    MITCHEL E. WEISS (MW/6226)
                                    150 Broadway, Suite 1307
                                    New York, New York 10038
                                    (212) 571-7171

- 3 -

# EXHIBIT "A"

# LAW OFFICES OF MITCHEL E. WEISS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

GINA MARIE ROSADO.

                                        Plaintiff.

        -against-

MILES DANIEL JOHNSON,
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                        Defendants.
-----------------------------------------------------------------X

Index #: 301533/08
Date Filed: 2/25/08

Plaintiff designates BRONX
COUNTY as the place of trial
Basis of the venue is
Plaintiff's Residence

**SUMMONS**

TO THE ABOVE NAMED DEFENDANTS:

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice
of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons.
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
        February 21, 2008

                                Law Offices of Mitchel E. Weiss
                                *Attorney for Plaintiff*
                                150 Broadway, Suite 1307
                                New York, New York 10038
                                (212) 571-7171

**Defendants' addresses:**
Baker Installations, Inc.
4121 Washington Road
McMurray, Pennsylvania 15317

Miles Daniel Johnson
13154 295th Street
Lindstrom, MN 55045

Edward Rosado
2501 Morris Avenue, #2F
Bronx, New York 10468

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
GINA MARIE ROSADO,

                           Plaintiff,

           -against-

MILES DANIEL JOHNSON,
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                         Defendants.
-------------------------------------------------------------------X

**Index #:** _301533/2008_

DATE FILED _2/15/2008_
**VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL**
**BY JURY OF ALL ISSUES**

      Plaintiff, complaining of the defendants, by her attorney Mitchel E. Weiss, Esq., as and for her verified complaint, sets forth and alleges as follows:

          1.      That at all times hereafter mentioned, the plaintiff, Gina Rosado, resided and continue to reside at 2501 Morris Avenue, Bronx, New York 10468.

          2.      Upon information and belief and at all times hereafter mentioned, the defendant, Miles Daniel Johnson (hereafter referred to as "Johnson") resided and still resides at 13154 295th Street, Lindstrom, MN 55045

          3.      Upon information and belief and at all times hereafter mentioned, the defendant, Baker Installations, Inc. (hereafter referred to as "Baker Installations") was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

          4.      Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a foreign corporation authorized to do business in the State of New York.

          5.      Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a company transacting and conducting business in the State of New York.

          6.      Upon information and belief and at all times hereafter mentioned, defendant Baker Installations was and still is a corporation and/or company doing business and transacting business out of premises located at 4121 Washington Road, McMurray, Pennsylvania 15317.

- 1 -

7. Upon information and belief and at all times hereafter mentioned, defendant Baker Installations owned a certain motor vehicle/truck bearing license plate number YH57152, for the State of Pennsylvania, for the year 2007.

8. Upon information and belief and at all times hereafter mentioned, defendant Johnson operated, maintained and controlled the aforesaid 2000 Ford motor vehicle/truck bearing license plate number YH57152, for the State of Pennsylvania, for the year 2007.

9. Upon information and belief and at all times hereafter mentioned, defendant Johnson operated, maintained and controlled the aforesaid motor vehicle/truck of defendant Baker Installations with the permission, knowledge and consent, express or implied of defendant Baker Installations.

10. Upon information and belief and at all times hereafter mentioned, defendant Johnson was and is an employee, agent and/or servant of defendant Baker Installations.

11. Upon information and belief and at all times hereafter mentioned, defendant Johnson operated the aforesaid motor vehicle/truck in the course of his employment and/or agency with defendant Baker Installations.

12. Upon information and belief, defendant Edward Rosado owned a certain motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

13. Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated, maintained, and controlled the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

14. Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007 with the permission, knowledge and consent, express or implied of the plaintiff, Gina Rosado.

15. That at all times hereafter mentioned, the plaintiff, Gina Rosado was a passenger in the motor vehicle bearing license plate number BMV4144, for the State of New York, for the year 2007 that was being operated by defendant Edward Rosado.

16. That at all times hereafter mentioned, Prospect Avenue at or near the intersection with Jennings Street in the County of Bronx, City of New York and State of New York was and still is a public roadway/intersection in said County, City and State.

17. That on the 19th day of November, 2007 at approximately 2:45 p.m., while the plaintiff, Gina Rosado was lawfully a passenger in the aforesaid motor vehicle on Prospect

- 2 -

Avenue at or near the intersection of Jennings Street in the County of Bronx, City and State of New York when the defendants aforesaid motor vehicles/truck collided with the aforesaid motor vehicle that was driven by defendant Edward Rosado in which the plaintiff was a passenger in.

18.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff Gina Rosado were wholly and solely as the result of the negligence, recklessness and carelessness of the defendants, their agents, servants and/or employees in that said defendants owned, operated, maintained and controlled their aforesaid motor vehicles/truck in a careless, reckless and negligent manner, in that said defendants failed to keep a proper lookout, failed to turn, steer or bring their aforesaid motor vehicles/truck to a stop before colliding with each other; in that defendants failed to yield, stop, proceed with caution or take proper precautions when entering an uncontrolled and/or controlled intersection; in defendants failing to give any notice or warning of the approach of their respective motor vehicles; in that the defendants operated their respective aforesaid motor vehicles at excessive rates of speed; in defendants failing to observe the flow of traffic on the roadway; in defendants failing to equip their aforesaid motor vehicles with proper and adequate equipment; in defendants failing to properly utilize the operating and braking equipment of their respective aforesaid motor vehicles; in the defendants failing to apply their brakes in a proper and timely fashion; in defendants failing to yield the right of way; in defendants Johnson and Baker Installations' aforesaid motor vehicle/truck violently colliding in the aforesaid motor vehicle driven by defendant Edward Rosado and in which the plaintiff was a passenger in; in defendant Edward Rosado's vehicle violently colliding into the aforesaid motor vehicle/truck of the co-defendants; in defendants failing to heed and obey the traffic signs, signals, and traffic markings governing the aforesaid location; in defendants failing to give any warning or signal of their approach; in that said defendants could have and/or should have avoided the subject accident but for the negligent, careless and reckless operation of their respective motor vehicles/truck; in the defendants failing to heed and obey the rules of mutual forbearance and said defendants violated the motor vehicle laws, and other laws, statutes, ordinances and rules of the County of Bronx, City of New York and State of New York in such cases made and provided; and that the defendants failed to exercise due care and caution under the circumstances then prevailing.

19.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff were caused wholly and solely by reason of the negligence, carelessness and recklessness of the defendants without any negligence on the part of the plaintiff Gina Rosado contributing thereto.

20.    By reason of the aforesaid, plaintiff Gina Rosado was seriously injured in and about her head, neck back, knees and upon information and belief, other parts of her body and the plaintiff underwent knee surgery and upon information and belief, the plaintiff will undergo additional knee surgery and she suffers and will continue to suffer great physical pain, mental suffering and emotional distress, and she was rendered sick, sore, lame and disabled and she has been hospitalized and underwent surgery, and she has expended and incurred large sums of money in an effort to cure herself of said injuries and, upon information and belief, plaintiff has lost wages and will expend further sums in that direction, and that said plaintiff has been otherwise damaged.

21.    That as a result of the foregoing, plaintiff Gina Rosado suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York.

22.    That by reason thereof, plaintiff Gina Rosado is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of basic economic loss as set forth in Section 5102(a) of the Insurance Law of the State of New York.

23.    That plaintiff Gina Rosado is a covered person as defined by Section 5102(j) of the Insurance Law of the State of New York.

24.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

25.    By reason of the aforesaid, plaintiff Gina Rosado has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, the plaintiff demands judgment against the defendants for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; together with the costs and disbursements of this action, attorneys fees and punitive damages and any other relief which this Court deems just.

Dated: New York, New York
        February 21, 2008

                            Law Offices of Mitchel E. Weiss
                            *Attorney for Plaintiff*
                            150 Broadway, Suite 1307
                            New York, New York 10038
                            (212) 571-7171

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice law in the State of New York, affirms: that the undersigned is the attorney for the plaintiff in the within action; that the undersigned has read the foregoing **Summons and Verified Complaint** and knows the contents thereof; that the allegations contained herein are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by plaintiff is that the plaintiff resides outside of the county where the undersigned maintains his law offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows:    books, records, correspondence, investigation and other documentation in the possession of the undersigned.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
       February 21, 2008

_____
MITCHEL E. WEISS

-5-

# EXHIBIT "B"

# Nationwide®
## On Your Side℠

565 Taxter Rd Suite 290  • Elmsford, NY  10523  • •

March 18, 2008

Edward Rosado
2501 Morris Ave Apt 2F
Bronx, NY 10468

**OUR INSURED :** Edward Jr and Gina M Rosado
**OUR CLAIM NUMBER :** 66 31 P  715718 11192007 01
**DATE OF LOSS :** 11-19-2007

Dear Mr. Rosado:

We have received a copy of a Summons and Complaint from the Law Office of Mitchel E. Weiss naming you as a defendant. This action was brought on behalf of your wife as a plaintiff regarding the above accident in which you were the driver.   According to the complaint, your wife, Gina Rosado, a passenger, is seeking compensation for personal injuries resulting from an automobile accident in which you were operating the vehicle.  She is alleging that you were negligent in causing her injuries.  You now seek coverage for the above claims under your policy of insurance for the claims brought by your wife allegedly resulting from the above auto accident.

Please be advised NY State Law does not allow for an insurance policy to indemnify an insured for claims arising from the alleged negligent operation of an automobile when said claims are brought by the insured's spouse. Coverage for such a situation can only be provided wherein the insured purchases such coverage through a spousal endorsement.   Please be advised that your policy of insurance does not contain a spousal endorsement and therefore no coverage is available to you for the claims brought by your wife against you as set forth above.

Therefore, Nationwide will not defend, indemnify nor pay any judgments on your behalf regarding all claims against you, brought by your spouse and arising from the above loss.

Please contact me if you have any questions regarding the above matter. Thank you.

Should you wish to take this matter up with the New York State Insurance Department, you may file with the Department either on its website at www.ins.state.ny.us/complhow.htm or you may write to or visit the Consumer Services Bureau, New York State Insurance Department, at: 25 Beaver Street, New York, NY 10004; One Commerce Plaza, Albany, NY 12257; 200 Old Country Road, Suite 340, Mineola, NY  11501; or Walter J. Mahoney Office Building, 65 Court Street, Buffalo, NY  14202.

Nationwide Mutual Insurance Company

Betty Vecchiolla

Betty Vecchiolla
Claims Department
1-(800)253-8152  Ext. 1388

c: Law Offices of Mitchel E. Weiss

# EXHIBIT "C"

# LAW OFFICES OF MITCHEL E. WEISS

PN-1424
MEW:pm

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X

GINA MARIE ROSADO,

                               Plaintiff,

               -against-

MILES DANIEL JOHNSON,
BAKER INSTALLATIONS, INC.
and EDWARD ROSADO

                           Defendants.
-------------------------------------------------------------------X

Index #:  __301533/08__

**STIPULATION OF DISCONTIN-
UANCE AGAINST DEFENDANT
EDWARD ROSADO ONLY** ___

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorney of record for the plaintiff of the above-entitled action, that whereas no party hereto is an infant, incompetent person for whom a committee has been appointed or conservatee and no person not a party has an interest in the subject matter of the action, the above entitled action, including all cross-claims and counterclaims be, and the same are hereby discontinued AGAINST DEFENDANT EDWARD ROSADO **ONLY** without costs to either party as against the other. The action against defendants Miles Daniel Johnson and Baker Installations **is NOT** discontinued. This stipulation may be filed without further notice with the Clerk of the Court.

Dated: New York, New York
       May 8, 2008

                         Law Offices of Mitchel E. Weiss
                         *Attorney for Plaintiff*

                  BY: _____
                         MITCHEL E. WEISS, ESQ.
               150 Broadway, Suite 1307
               New York, New York 10038
               (212) 571-7171

BRONX COUNTY
COUNTY CLERK
08 MAY 15 AM 9: 03

RECEIVED

# EXHIBIT "D"

LAW OFFICES OF MITCHEL E. WEISS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X

GINA MARIE ROSADO,

                        Plaintiff,

       -against-

EDWARD ROSADO,

                    Defendants.
-----------------------------------------------------------------X

Index #: 305872-08
Date Filed: 7/14/08

Plaintiff designates BRONX
COUNTY as the place of trial.
Basis of the venue is
Plaintiff's Residence

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

         YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within **20** days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       July 9, 2008

                              Law Offices of Mitchel E. Weiss
                              *Attorney for Plaintiff*
                              150 Broadway, Suite 1307
                              New York, New York 10038
                              (212) 571-7171

**Defendant's address:**
Edward Rosado
2501 Morris Avenue, #2F
Bronx, New York 10468

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
GINA MARIE ROSADO,

                    Plaintiff,

        -against-

EDWARD ROSADO,

                   Defendants.
-----------------------------------------------------------------X

Index #: _305872/08_

**VERIFIED COMPLAINT**
DATE FILED _7/14/08_
PLAINTIFF DEMANDS TRIAL
BY JURY OF ALL ISSUES

Plaintiff, complaining of the defendant, by her attorney Mitchel E. Weiss, Esq., as and for her verified complaint, sets forth and alleges as follows:

        1.     That at all times hereafter mentioned, the plaintiff, Gina Rosado, resided and continue to reside at 2501 Morris Avenue, Bronx, New York 10468.

        2.     That at all times hereafter mentioned, the defendant, Edward Rosado, resided and continue to reside at 2501 Morris Avenue, Bronx, New York 10468.

        3.     Upon information and belief, defendant Edward Rosado owned a certain motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

        4.     Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated, maintained, and controlled the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007.

        5.     Upon information and belief and at all times hereafter mentioned, defendant Edward Rosado operated the aforesaid motor vehicle bearing license plate number BMV4144 for the State of New York, for the year 2007 with the permission, knowledge and consent, express or implied of the plaintiff, Gina Rosado.

        6.     That at all times hereafter mentioned, the plaintiff, Gina Rosado was a passenger in the motor vehicle bearing license plate number BMV4144, for the State of New York, for the year 2007 that was being operated by defendant Edward Rosado.

        7.     That at all times hereafter mentioned, Prospect Avenue at or near the intersection with Jennings Street in the County of Bronx, City of New York and State of New York was and still is a public roadway/intersection in said County, City and State.

8.    That on the 19th day of November, 2007 at approximately 2:45 p.m., while the plaintiff, Gina Rosado was lawfully a passenger in the aforesaid motor vehicle on Prospect Avenue at or near the intersection of Jennings Street in the County of Bronx, City and State of New York when a motor vehicle/truck driven by Miles Daniel Johnson and owned by Baker Installations, Inc. collided with the aforesaid motor vehicle that was driven by defendant Edward Rosado in which the plaintiff was a passenger in.

9.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff Gina Rosado were wholly and solely as the result of the negligence, recklessness and carelessness of the defendant, his agents, servants and/or employees and others in that said defendant and others owned, operated, maintained and controlled their aforesaid motor vehicles/truck in a careless, reckless and negligent manner, in that said defendants failed to keep a proper lookout, failed to turn, steer or bring their aforesaid motor vehicles/truck to a stop before colliding with each other; in that defendants failed to yield, stop, proceed with caution or take proper precautions when entering an uncontrolled and/or controlled intersection; in defendants failing to give any notice or warning of the approach of their respective motor vehicles; in that the defendants operated their respective aforesaid motor vehicles at excessive rates of speed; in defendants failing to observe the flow of traffic on the roadway; in defendants failing to equip their aforesaid motor vehicles with proper and adequate equipment; in defendants failing to properly utilize the operating and braking equipment of their respective aforesaid motor vehicles; in the defendants failing to apply their brakes in a proper and timely fashion; in defendants failing to yield the right of way; in defendants Johnson and Baker Installations' aforesaid motor vehicle/truck violently colliding in the aforesaid motor vehicle driven by defendant Edward Rosado and in which the plaintiff was a passenger in; in defendant Edward Rosado's vehicle violently colliding into the aforesaid motor vehicle/truck of the co-defendants; in defendants failing to heed and obey the traffic signs, signals, and traffic markings governing the aforesaid location; in defendants failing to give any warning or signal of their approach; in that said defendants could have and/or should have avoided the subject accident but for the negligent, careless and reckless operation of their respective motor vehicles/truck; in the defendants failing to heed and obey the rules of mutual forbearance and said defendants violated the motor vehicle laws, and other laws, statutes, ordinances and rules of the County of Bronx, City of New York and State of New York in such cases made and provided; and that the defendants failed to exercise due care and caution under the circumstances then prevailing.

- 2 -

10.    That the aforesaid occurrence and the injuries resulting therefrom to the plaintiff were caused wholly and solely by reason of the negligence, carelessness and recklessness of the defendant and others without any negligence on the part of the plaintiff Gina Rosado contributing thereto.

11.    By reason of the aforesaid, plaintiff Gina Rosado was seriously injured in and about her head, neck back, knees and upon information and belief, other parts of her body and the plaintiff underwent knee surgeries and she suffers and will continue to suffer great physical pain, mental suffering and emotional distress, and she was rendered sick, sore, lame and disabled and she has been hospitalized and underwent surgery, and she has expended and incurred large sums of money in an effort to cure herself of said injuries and, upon information and belief, plaintiff has lost wages and will expend further sums in that direction, and that said plaintiff has been otherwise damaged.

12.    That as a result of the foregoing, plaintiff Gina Rosado suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York.

13.    That by reason thereof, plaintiff Gina Rosado is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of basic economic loss as set forth in Section 5102(a) of the Insurance Law of the State of New York.

14.    That plaintiff Gina Rosado is a covered person as defined by Section 5102(j) of the Insurance Law of the State of New York.

15.    That this action falls within one or more of the exceptions set forth in CPLR §1602.

16.    By reason of the aforesaid, plaintiff Gina Rosado has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, the plaintiff demands judgment against the defendants for a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter; together with the costs and disbursements of this action, attorneys fees and punitive damages and any other relief which this Court deems just.

Dated: New York, New York
       July 9, 2008

                                    Law Offices of Mitchel E. Weiss
                                    *Attorney for Plaintiff*
                                    150 Broadway, Suite 1307
                                    New York, New York 10038
                                    (212) 571-7171

## CERTIFICATION

I hereby certify that to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the above or the contentions therein are not frivolous as defined in subsection (e) of section 130-1.1.

Dated:    July 9, 2008

MITCHEL E. WEISS, ESQ.

- 4 -

## ATTORNEY'S VERIFICATION

The undersigned, an attorney duly admitted to practice law in the State of New York, affirms: that the undersigned is the attorney for the plaintiff in the within action; that the undersigned has read the foregoing **Summons and Verified Complaint** and knows the contents thereof; that the allegations contained herein are true to affirmant's own knowledge, except as to the matters therein stated to be alleged on information and belief; and as to those matters affirmant believes them to be true.

The undersigned further states that the reason this affirmation is made by the undersigned and not by plaintiff is that the plaintiff resides outside of the county where the undersigned maintains his law offices.

The grounds of affirmant's belief as to all matters not stated to be upon affirmant's knowledge, are as follows:    books, records, correspondence, investigation and other documentation in the possession of the undersigned.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
     July 9, 2008

MITCHEL E. WEISS

# EXHIBIT "E"

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF BRONX

GINA MARIE ROSADO

Plaintiff(s)

- against -

EDWARD ROSADO

Defendant(s)

Attorney: MITCHEL E. WEISS, ESQ. - 261

Index #: 305872/2008

Purchased: July 14, 2008
Date Filed:

**AFFIDAVIT OF SERVICE**

Attorney File #1: PN-1424

STATE OF NEW YORK: COUNTY OF NEW YORK  ss:

WILLIAM MORRISON BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION, OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on July 19, 2008 at 10:00 AM at

2501 MORRIS AVENUE #2F
BRONX, NY 10468

deponent served the within true copy of the SUMMONS & VERIFIED COMPLAINT on EDWARD ROSADO, the defendant/respondent therein named.

**INDIVIDUAL**  by delivering a true copy of each to said  defendant/respondent personally; deponent knew the person so served to be the person described as the  defendant/respondent therein and he identified himself as such.

Deponent further states that he describes the person actually served as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx) |
|---|---|---|---|---|---|
| MALE | TAN | BALD | 37 | 5'5 | 160 |

**MILITARY SERVICE**  Person spoken to was asked whether the defendant was in the military service of the State of New York or the United States and received a negative reply. Upon information and belief based upon the conversation and observation as aforesaid deponent avers that the defendant is not in the military service of the State of New York or the United States as that term is defined in the statutes of the State of New York or the Federal Soldiers and Sailors Civil Relief Act.

That at the time of such service deponent knew the person so served as aforesaid to be the same person mentioned and described as the defendant/respondent in this action.

The Summons Served had endorsed thereon the Index number and date of filing.

Sworn to me on:  July 21, 2008

Linda Forman
Notary Public, State of New York
No. 01FO5031305
Qualified in New York County
Commission Expires August 1, 2010

Robin M. Forman
Notary Public, State of New York
No. 01FO6125415
Qualified in New York County
Commission Expires April 18, 2009

Larry Yee
Notary Public, State of New York
No. 01YE5015682
Qualified in New York County
Commission Expires July 26, 2009

**WILLIAM MORRISON**
License #: 870436
Docket #: 573961

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GINA ROSADO,

                                                                    **2008-CIV-5387 (RJH)**

                         Plaintiff,

          -against-                                                 <u>**AFFIRMATION OF SERVICE**</u>

MILES DANIEL JOHNSON, BAKER
INSTALLTIONS, INC. and EDWARD ROSADO

                         Defendants.
-------------------------------------------------------------------X

          I, _____<u>MITCHEL E. WEISS</u>_____ , declare under penalty of perjury that I have served  by

First Class Mail a copy of the attached **Notice of Motion to Remand, Affirmation in Support**

**to Notice of Motion to Remand with the accompanying exhibits** upon:

                    Nesci-Keane, PLLC
                    *Attorneys for Defendants*
                    40 Saw Mill River Road, Suite UL1
                    Hawthorne, New York 10532


Dated: New York, New York
          August 7, 2008

                                             Law Offices of Mitchel E. Weiss
                                             *Attorney for Plaintiff*

                                             _____
                                             MITCHEL E. WEISS  (MW/6226)
                                             150 Broadway, Suite 1307
                                             New York, New York 10038
                                             (212) 571-7171