UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GINA MARIE ROSADO,

                    Plaintiff,

   -against-

MILES DANIEL JOHNSON and
BAKER INSTALLATIONS, INC.,

                    Defendants.
-----------------------------------------------------------------X
MILES DANIEL JOHNSON and
BAKER INSTALLATIONS, INC.,

                    Third Party Plaintiffs,

   - against -

EDWARD ROSADO,

                    Third Party Defendant.
-----------------------------------------------------------------X

Civil Action No.
2008-CV-05387 (RJH)

## DEFENDANTS'/THIRD-PARTY PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

NESCI - KEANE, PLLC
Attorneys for Defendants/Third-Party Plaintiffs
40 Saw Mill River Road - Suite UL1
Hawthorne, New York 10532
(914) 345-0005
File No. 08-089/217603

## PRELIMINARY STATEMENT

Defendants/Third-Party Plaintiffs, MILES JOHNSON and BAKER INSTALLATIONS, INC., respectfully submit this Memorandum of Law in opposition to the motion by plaintiff seeking an Order pursuant to 28 USC §1447 seeking to remand this action to the Supreme Court of the State of New York, County of Bronx.

Plaintiff failed to establish any good faith basis for the Court to remand this action to state court. Instead plaintiff proffered nothing more than a clear attempt at forum shopping as a basis for remand. Accordingly, the motion should be denied in its entirety.

## STATEMENT OF FACTS

The Court is respectfully referred to the Affirmation in Opposition of Jason M. Bernheimer, Esq. simultaneously submitted herewith for a full recitation of the facts of the action and the procedural history.

## ARGUMENT

On a motion for remand, the party seeking to sustain the removal has the burden of establishing the removal was proper in the first instance. Wilds v. United Parcel Service, Inc., 262 F.Supp.2d 163 (SDNY 2003), citing United Food & Commercial Workers Union, Local 919, AFL-CIO v. Center Mark Properties Meriden Square, Inc., 30 F.3d 298 (2d Cir. 1994).

The instant action was removed to this Court pursuant to 28 USC §1441, with a subject-matter basis of diversity of citizenship pursuant to 28 USC §1332. It should be noted that plaintiff does not dispute this Court's diversity jurisdiction in her motion papers, and in fact it is not a basis for which she seeks remand to state court. Thus there is no question that removal was proper in the first instance.

The plaintiff is a citizen of the State of New York, defendant, JOHNSON is a citizen of the State of Minnesota, and defendant, BAKER INSTALLATIONS, is a citizen of the Commonwealth of Pennsylvania. In addition, the plaintiff claims that the monetary value of the case is in excess of the $75,000 jurisdictional requirement.

Therefore, there is no question before the Court that removal to this Court was proper in the first instance. Plaintiff's motion should be denied in its entirety.

While plaintiff's motion papers do not address the issue, it appears that the only basis for which plaintiff seeks remand is to join a party that was already discontinued from the action for the sole purpose of defeating this Court's diversity jurisdiction. In such a situation, 28 USC §1447(e) permits the Court to deny the requested joinder and retain jurisdiction of the case as opposed to allowing the joinder and remanding the case to state court. <u>Powerex Corp. v. Reliant Energy Services, Inc.</u>, __ U.S. __, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007). The issue of whether to deny the joinder and retain jurisdiction is purely within the Court's discretion. <u>Mensah v. World Truck Corp.</u>, 210 F.Supp.2d 320 (SDNY 2002).

In the case at bar, there is no question that the plaintiff's attempt to remand the action to state court is solely for the purpose of destroying this Court's diversity jurisdiction. There is no question that the plaintiff has no means of recovery from her husband since his insurance carrier will not provide a defense or indemnification due to his failure to purchase spousal liability coverage. As is succinctly set forth in plaintiff's motion papers the only reason she seeks to commence a new action against her husband is in the event they may get divorced in the future. Such a claim is speculative at best.

This Honorable Court should have no trouble seeing through the thin veil of plaintiff's actions in recommencing an action against her husband. She wants this action back in state court in Bronx County, which is well known to have the most generous juries in the State of New York.

Therefore, the Court should exercise its very sound discretion in denying the plaintiff's motion for remand and retaining jurisdiction of this action based upon diversity of citizenship. It is respectfully requested, therefore, that the Court deny plaintiff's motion in its entirety.

## CONCLUSION

For all the foregoing reasons, it is respectfully requested that the Court issue an Order denying the plaintiff's motion to remand this action to state court in its entirety, together with such other and further relief as this Court deems just and proper.

Dated: Hawthorne, New York
       August 26, 2008

*Respectfully submitted,*

NESCI-KEANE, PLLC

By: _____
JASON M. BERNHEIMER, ESQ. (JB 9566)
Attorneys for Defendants/Third-Party Plaintiffs
40 Saw Mill River Road - Suite UL1
Hawthorne, New York 10532
(914) 345-0005
File No. 08-089/217603

TO: MITCHEL E. WEISS, ESQ.
     Attorney for Plaintiff
     150 Broadway - Suite 1307
     New York, NY 10038
     (212) 571-7171

     LAW OFFICES OF EPSTEIN & RAYHILL
     Attorneys for Third-Party Defendant
     565 Taxter Road - Suite 275
     Elmsford, NY 10523
     (914) 347-6360
     File No. 08EL00124