UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GINA MARIE ROSADO,

Plaintiff,

- against -

MILES DANIEL JOHNSON & BAKER INSTALLATION, INC.

Defendants.

1:08-cv-05387-RJH

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

This personal injury action arises out of an automobile accident. On June 13, 2008, defendants Miles Daniel Johnson and Baker Installations, Inc. ("defendants") removed the action to this Court, invoking federal diversity jurisdiction. Plaintiff Gina Rosado now moves to remand the case to New York Supreme Court. For the reasons that follow, the motion to remand is granted.

## BACKGROUND

On November 19, 2007, two vehicles collided in the Bronx. (Compl. ¶ 17.) The first was driven by Miles Daniel Johnson, a resident of Minnesota, and an employee of Baker Installations, Inc., a Pennsylvania corporation whose principal place of business is in Pennsylvania. (Compl. ¶¶ 2, 17; Notice of Removal ¶ 14.) The second vehicle was driven by Edward Rosado ("Edward," for clarity), a resident of New York. (Compl. ¶ 17; Aff. of Mitchel E. Weiss in Supp. of Mot. to Remand, Aug. 7, 2008 ¶ 10 ("Weiss Aff.").) Gina Rosado ("Gina") is married to Edward and was a passenger in the car driven by him. (Compl. ¶ 17; Weiss Aff. ¶¶ 5, 9.) She claims that she suffered serious injuries in the accident. (Compl. ¶ 20.)

On February 21, 2008, Gina filed suit against her husband, Edward, as well as Johnson and Baker Installations in the Supreme Court of the State of New York, Bronx County, in an action entitled *Rosado v. Johnson et. al*, Index. No. 301533/08. The complaint alleged that Gina's injuries resulted from the negligence of all three defendants (Compl. ¶ 19), and demanded "a sum of money having a present value that exceeds the jurisdictional limits of all lower [New York State] courts." (Compl. ¶ 25.)

For reasons the parties dispute, Gina on May 8, 2008 stipulated to the dismissal without prejudice of her action against Edward. (Stipulation of Discontinuance Against Edward Rosado Only, May 8, 2008 (Weiss Aff. Ex. C.); *see* N.Y. C.P.L.R. § 3217(a) (providing that party may voluntarily discontinue action by filing stipulation with clerk of court).) With the only New York defendant gone from the case, Johnson and Baker Installations filed a notice of removal on June 13, 2008, invoking the federal removal statute and federal diversity jurisdiction. *See* 28 U.S.C. §§ 1446(b); 1332.

In the weeks that followed, Johnson, Baker Installations, and Gina all commenced new actions against Edward: On July 1, 2008, Johnson and Baker Installations filed a third-party complaint against Edward in this Court under the current docket number (Third Party Compl., *Rosado v. Johnson et al.*, No. 1:08 Civ. 05387 RJH (July 1, 2008).); for her part, Gina on July 9, 2008 commenced a new suit against Edward in New York State Supreme Court. (Compl., *Rosado v. Rosado*, Index No. 305872/08 (July 9, 2008) (Weiss Aff. Ex. D).)

On August 7, Gina moved to remand this action to New York Supreme Court, Bronx County. She argues that "upon further reflection," her action against Edward "should *not* have been discontinued." (Weiss Aff. ¶ 9.) Accordingly, she urges that "the subject action now

pending in this Court . . . be remanded Supreme Court, Bronx County as the action against Edward Rosado should be joined with it." (*Id.* ¶ 10.)

Opposing remand, defendants observe that complete diversity existed at the moment they removed to federal court, a contention that Gina does not dispute. (Defs.' Aff. in Opp. to Mot. to Remand ¶¶ 8-9.) Defendants further argue that Gina's motion is "a clear attempt at forum shopping to get the action back in to Bronx County, New York, which is known to be the most liberal venue in the state." (*Id.* ¶ 10.) Lastly, defendants argue that Gina's claims against Edward are futile, since Edward's insurance company refused to pay for his defense or indemnify him. (*Id.* ¶ 11.)

**DISCUSSION**

Remand is appropriate because Edward, who is now a third-party defendant in Johnson and Baker Installations' third-party action, may once again be joined as a defendant in Gina's principal action.

As noted, Gina moved that "the subject action now pending in this Court should be remanded to Supreme Court, Bronx County, as the action against defendant Edward Rosado should be joined with it." (Pl.'s Mot. to Remand ¶ 10.) On its face, this is a strange request, as there is no formal procedural mechanism for consolidating non-class actions in state and federal court. *Cf.* Class Action Fairness Act of 2005, Pub. L. No. 109-2, §§ 4–5, 119 Stat. 4, 9–13 (2005) (codified in scattered sections of 28 U.S.C.); 28 U.S.C. § 1407 (multidistrict litigation).

It is clear, however, that Gina actually intends to add Edward as a defendant herein and thus seeks to destroy complete diversity. *See* 28 U.S.C. § 1332(a); *see, e.g., Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants,

and no defendant is a citizen of the forum State."). Mindful that the nature of a motion is determined by its substance and not the label attached to it, *Effjohn Intern. Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003); *Jones v. UNUM Life Ins. Co. of America*, 223 F.3d 130, 136 (2d Cir. 2000), the Court construes Gina's motion as a motion to join Edward as a defendant pursuant to Federal Rule of Civil Procedure 20(a). *Cf. Singh v. Prudential Ins. Co. of America, Inc.*, 200 F. Supp. 2d 193, 196-97 (E.D.N.Y. 2003) (construing motion to join city defendants from separate state court action as motion to amend complaint as matter of course).[1]

Rule 20(a)(2) provides that multiple persons may be joined in an action as defendants if (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all defendants will arise in the action."

A separate statutory provision, 28 U.S.C. § 1447(e), addresses joinder of parties who will destroy the court's subject matter jurisdiction. It provides, in full, that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Neither the Supreme Court nor the Second Circuit has interpreted § 1447(e) in a binding decision. But the Supreme Court has observed, in the course of holding that remand orders

[1] The motion falls under Rule 20, the permissive joinder rule, because "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit." *Temple v. Synthes*, 498 U.S. 5, 7 (1991). One treatise claims without citation that a plaintiff may bring in additional parties "only by amending the complaint." Richard D. Freer, 4 *Moore's Federal Practice* § 20.02[2][a][ii] (3d ed. 2005). The Court doubts whether this is a correct statement of the law in a case, like this, where a plaintiff seeks to "bring in" a defendant who was previously dismissed and is also the defendant in a third-party action. Even if it is and Gina's motion should be analyzed under Rule 15(a)(2), the Court would not reach a different conclusion.

based on lack of subject matter jurisdiction are not subject to appellate review, that § 1447(e) "unambiguously demonstrates that a case can be properly removed and yet suffer from a failing in subject-matter jurisdiction that requires remand." *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S. Ct. 2411, 2417 (2007). Gina's motion therefore presents two interconnected issues: whether Edward may properly be joined in Gina's action, and whether the Court, under § 1447(e), should allow such joinder.

On the first issue, the Court holds that Edward may be joined as a defendant in Gina's action (again). Gina plainly asserts a right to relief against Edward, Johnson, and Baker Installations "jointly, severally, or in the alternative with respect to or arising out of the same transaction." With certain exceptions not relevant here, *see* N.Y. C.P.L.R. § 1601, New York law recognizes that "[w]hen two or more tort-feasors act concurrently or in concert to produce a single injury, they may be held jointly and severally liable," *Ravo by Ravo v. Rogatnick*, 514 N.E.2d 1104, 1106 (N.Y. 1987) (citations omitted), and the gist of Gina's claims is that Edward, Johnson, and Baker Installations acted concurrently or in concert to cause her injuries. Gina's suit also involves several questions of fact common to all defendants. For example, resolving Gina's claims against Edward and Johnson will require a court to determine which driver, if either, had the right-of-way.

Construing section 1447(e) in light of Rule 1, which commands the "just, speedy, and inexpensive determination of every action and proceeding," the Court further concludes that the proper course is to permit joinder and remand the action to state court.[2] In light of Gina's

---

[2] The Fourth Circuit has held that in deciding whether to allow joinder under § 1447(e), a district court may consider "all relevant factors," including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and [continued…]

decision to sue Edward in New York Supreme Court, that court is the only possible forum where the claims against all defendants, Edward included, can be litigated in a unified proceeding. Judicial economy, as well as the parties' interest in seeing a single verdict that conclusively determines the liabilities of all defendants, thus counsels in favor of remand.[3]

* * *

In light of the discussion so far, the Court need only briefly consider defendants' remaining arguments against remand. Defendants' claim that this Court had subject matter jurisdiction when the action was originally removed is immaterial. Whether or not this Court had subject matter jurisdiction when the notice of removal was filed, § 1447(e) contemplates that the Court may lose subject matter jurisdiction when a non-diverse party is joined. *See Powerex* 127 S. Ct. at 2417.

Defendants' protestations of forum shopping ignore the long-established principle that "a court will not interfere with the consequences of a plaintiff's selection in naming parties, unless

---

any other factors bearing on the equities." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). Thus a district court, "with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant." *Id.*

Construing § 1447(e) in light of Rule 1 is broadly consistent with this approach. To the extent there are differences, the Court notes that its approach furthers the goal that "[j]usisdictional rules should be clear," *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 320 (2005), by focusing the court's and the parties' attention on the factors most relevant to determining which forum should hear a case: maintaining the quality of justice, expediting and simplifying dispute resolution, and reducing the cost of litigation. *Cf. Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (construing summary judgment rule in light of same factors).

[3] Johnson and Baker Installations could, in theory, file new claims against Edward in this Court that satisfy the diversity statute. But insofar as the state proceeding will determine the rights and liabilities of all the parties, a stay of proceedings in federal court pending the resolution of the resolution of the state action would likely be appropriate. *See Mottolese v. Kaufman*, 176 F.2d 301, 303 (2d Cir. 1949) (Hand, J.). In that case, all parties would likely be estopped from relitigating liability in federal court. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979).

the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity." 16-107 Georgene Vairo, *Moore's Federal Practice* § 107.14. And in any case, those protestations are misplaced. The kind of "forum shopping" that rightly claims a central place in American procedural law involves a plaintiff's choice of rules of decision, not a plaintiff's choice of forum. *See, e.g.*, *Black & White Taxicab & Transfer Co.*, 276 U.S. 518, 535-36 (1928) (Holmes, J., dissenting). State courts are presumed to apply the law fairly and impartially, and a party asserting otherwise bears a heavy burden of justification.

Lastly, defendants' suggestion that Gina's action against Edward is futile is without merit. New York law expressly recognizes a married woman's right to sue her husband for negligent injury to her person, and defendants have not argued—much less offered proof—that Edward is judgment-proof. N.Y. Gen. Oblig. Law § 3-313 (McKinney 2001); *see State Farm Mut. Auto. Ins. Co. v. Westlake*, 324 N.E.2d 137, 139 (N.Y. 1974) (noting that while "[a] married woman has a right of action against her husband for any wrongful or tortious act which causes injury to her," § 3-313 "remove[d] a common-law disability resulting from marriage and [did not] enlarge marital rights").

**CONCLUSION**

Plaintiff's motion **[9]** is GRANTED. The Clerk is directed to remand this case to the Supreme Court of the State of New York, Bronx County.

SO ORDERED.

Dated: New York, New York
December 11, 2008

Richard J. Holwell
United States District Judge